JS 44 (Rev. 12/07) (cand rev 1-16-08)    **CIVIL COVER SHEET**    ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Loopt, Inc., a Delaware corporation | Sponsorhouse, Inc. dba Loop'd Network, a California corporation |

**(b)** County of Residence of First Listed Plaintiff  Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant        San Diego County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Wilson Sonsini Goodrich & Rosati
650 Page Mill Road        E-FILING
Palo Alto, California 94304-1050
Telephone: 650-493-9300

Attorneys (If Known)

C08   02767 BZ

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

ADR

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1114 &1125

Brief description of cause:
Complaint for Trademark Infringement, Lanham Act Violations, Unlawful Business Practices and Related Claims

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes ☐ No

**VIII. RELATED CASE(S)
IF ANY**

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)**

☐ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE        IP Case

DATE
June 3, 2008

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1   JOHN L. SLAFSKY, State Bar No. 195513
    HOLLIS BETH HIRE, State Bar No. 203651
2   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
3   650 Page Mill Road
    Palo Alto, CA 94304-1050
4   Telephone: (650) 493-9300
    Facsimile:  (650) 493-6811
5   jslafsky@wsgr.com
    hhire@wsgr.com
6
    Attorneys for Plaintiff
7   LOOPT, INC.

8                                ADR

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12  LOOPT, INC., a Delaware corporation,        )   CASE NO.:
                                                )
13              Plaintiff,                       )   COMPLAINT FOR TRADEMARK
                                                )   INFRINGEMENT, LANHAM ACT
14      v.                                       )   VIOLATIONS, UNLAWFUL
                                                )   BUSINESS PRACTICES AND
15  SPONSORHOUSE, INC., dba LOOP'D              )   RELATED CLAIMS
    NETWORK, a California corporation,          )
16                                               )   DEMAND FOR JURY TRIAL
                Defendant.                       )
17  _____)

18          Plaintiff Loopt Inc. ("Loopt" or "Plaintiff") alleges as follows:

19                         **THE PARTIES**

20          1.      Loopt is a Delaware corporation with its principal place of business at 590 W. El

21  Camino Real, Mountain View, California 94040.

22          2.      Loopt is informed and believes, and therefore alleges, that Defendant

23  SponsorHouse, Inc. is a California corporation doing business as Loop'd Network ("Loop'd" or

24  "Defendant") with its principal place of business at 3560 Dunhill Street, Suite 100, San Diego,

25  California 92121.

26

27

28

COMPLAINT

**FILED**

2008 JUN -3  P 2: 58

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

C 08    02767

BZ

1

**JURISDICTION AND VENUE**

2    3.    This action for trademark infringement, Lanham Act violations, unlawful business

3  practices, false and misleading statements and unfair competition arises under 15 U.S.C. § 1114,

4  15 U.S.C. § 1125(a), California statutes and the common law.

5    4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332

6  and 1338.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for related state-law

7  claims as well as original jurisdiction under 28 U.S.C. § 1338(b) because the state-law claims are

8  joined to a substantial and related trademark claim.

9    5.    This Court has personal jurisdiction over Loop'd by virtue of its transacting and

10  doing business in this judicial district and also by virtue of its committing a tort in or directed at

11  this judicial district.  Loop'd, among other things, offers its services via an interactive

12  commercial website available within this judicial district, and, on information and belief, attends

13  conferences and advertises its services for use in this judicial district.

14    6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a

15  substantial portion of the events giving rise to this Complaint occurred within this judicial

16  district.

17

**INTRADISTRICT ASSIGNMENT**

18    7.    Pursuant to Civil Local Rule 3-2(c), because this action falls within one of the

19  excepted categories, it will be assigned on a district-wide basis.

20

**BACKGROUND**

21  **Loopt's Trademark Rights**

22    8.    Loopt is the leading social networking service that allows users to connect and

23  interact with each other and with their local communities using location-based technology on

24  their computers and mobile devices, such as cell phones.

25    9.    Once a user has registered with Loopt, he or she can view on his mobile device or

26  computer a map of the local area which displays his own location and the location of his network

27  of friends (those friends who have also subscribed to the Loopt service and who have chosen to

28  be a part of this network).  The user can then communicate with these friends via instant

COMPLAINT                              -2-

1    messaging or text messaging, and can view his or her friends' photographs and comments. The

2    Loopt service also provides information about local restaurants, attractions, and other points of

3    interest to the user, including the user's friends' favorite local attractions.

4    10.    Loopt has partnered with various wireless carriers, including Boost Mobile, Sprint

5    Nextel, and Verizon Wireless to offer its service to users on these mobile networks.

6    11.    Loopt is also available to any user of the Facebook social networking service.

7    12.    Loopt has been promoting its products and services under the LOOPT® mark and

8    trade name in the United States since at least as early as September 11, 2006. Loopt's use of the

9    LOOPT mark and trade name has been valid and continuous since the date of first use and has

10    not been abandoned.

11    13.    Loopt owns two federal registrations for the mark LOOPT (the LOOPT

12    Registrations), with priority based on a filing date of July 25, 2006.

13    14.    Loopt is the owner of Registration No. 3,354,370 for the mark LOOPT, filed July

14    25, 2006 and registered December 11, 2007, for the following goods and services:

15        software for locating persons via global positioning or other location

16        technology; downloadable software for use in wireless telecommunications

17        devices, namely, software for electronic map display, travel planning and event

18        planning; downloadable software, namely, software for displaying location and

19        physical presence information in wireless telecommunications devices, in

20        International Class 9;

21        business networking services conducted via wireless telecommunications

22        networks and via electronic and optical communications networks, in

23        International Class 35;

24        text and numeric digital wireless messaging services, in International

25        Class 38;

26        online social networking services conducted via wireless

27        telecommunications networks and via electronic and optical communications

28        networks, in International Class 45.

COMPLAINT                    -3-

1    15.    Loopt is the owner of Registration No. 3,372,654 for a stylized version of the

2  LOOPT mark:    **lcopt**

3

4  The application for this mark was filed June 6, 2007 and registered January 22, 2008 for the

5  following goods and services:

6        software for searching, locating, navigating to, and messaging to or about

7        certain persons, events, places, and other points of interests and to display

8        relevant, location-informed advertisements and promotions via global positioning

9        or other location information-based technology; downloadable software for use in

10        wireless telecommunications devices, namely, software for electronic map display

11        that includes display of certain individuals and points of interest, travel planning

12        and event planning and to display relevant, location-informed advertisements and

13        promotions and that allows users to synchronize the same with a web or internet-

14        based application; downloadable software, namely, software for displaying

15        location and physical presence information in wireless telecommunications

16        devices that allows persons to synchronize the same with a web or internet-based

17        application, in International Class 9;

18        business networking services conducted via wireless telecommunications

19        networks and via electronic and optical communications networks; promoting and

20        advertising the goods and services of others, in International Class 35;

21        text and numeric digital wireless messaging services, in International

22        Class 38

23        online and mobile social networking services conducted via wireless

24        telecommunications networks and via electronic and optical communications

25        networks; social mapping services, namely, providing social networking services

26        with location-based functions, in International Class 45.

27

28

COMPLAINT                    -4-

1      16.    The LOOPT Registrations are valid and constitute prima facie evidence of
2  Loopt's exclusive right to use the LOOPT mark in commerce in connection with the goods and
3  services specified in the registrations.

4      17.    Loopt promotes and offers its products and services, in part, through a website at
5  the domain name www.loopt.com.

6  **Defendant's Use of the LOOP'D and LOOP'D NETWORK Marks and the "loopd.com"**
7  **Domain Name**

8      18.    Loopt is informed and believes, and therefore alleges, that Loop'd uses the marks
9  LOOP'D and LOOP'D NETWORK in connection with online social networking services.

10      19.    On information and belief, Defendant's social networking service allows its users
11  to communicate about common areas of interest, send messages to each other, and review and
12  discuss various products, attractions, or events.

13      20.    On information and belief, Loop'd did not use the LOOP'D or LOOP'D
14  NETWORK marks in commerce before February 2007 at the earliest, after Loopt first filed an
15  application for the LOOPT trademark in the United States and after Loopt began use of its
16  LOOPT trademark in commerce in the United States.

17      21.    On information and belief, Loop'd provides its online social networking service at
18  the domain name www.loopd.com.

19      22.    On information and belief, Loop'd filed a trademark application at the U.S. Patent
20  and Trademark Office for the mark LOOP'D NETWORK and Design (Application Ser. No.
21  77/268213) (the "Loop'd Application"). The mark in the application includes a stylized version
22  of the LOOP'D NETWORK mark in red, white, and beige with the "LOOP'D" portion of the
23  mark in much larger type, along with a depiction of a "white man figure outlined in brown,
24  wearing a red cap." The application claims a first use date of February 1, 2007 for the goods in
25  International Class 9, and July 1, 2007 for the services listed in class 42. This application was
26  published on February 12, 2008 with the following listing of goods and services:

27          Downloadable software for the development of websites, in International
28      Class 9;

COMPLAINT         -5-

1  Computer services, namely, hosting an online community network

2  featuring individual websites in the field of sports, athletes, apparel, sporting

3  goods and equipment, in International Class 42.

4  23.  On November 6, 2007, Loopt sent a cease and desist letter to Loop'd, demanding

5  that Loop'd cease use of the LOOP'D trademark for Defendant's social networking service.

6  24.  In a November 15, 2007 e-mail message to Loopt's counsel, Loop'd

7  acknowledged receipt of the November 6, 2007 letter, but declined to comply with Loopt's

8  demands.

9  25.  On information and belief, since its acknowledged receipt of Loopt's letter,

10  Loop'd has willfully continued to use the LOOP'D and LOOP'D NETWORK trademarks in

11  connection with its online social networking service.

12  26.  On information and belief, Loop'd redesigned its website and its logo in May

13  2008. In connection with this redesign, Loop'd began use of a logo that incorporates the stylized

14  type of LOOP'D NETWORK mark in the Loop'd Application, but does not include the design

15  element of the logo, namely, the figure of a man in a red cap.

16  27.  In view of the near identity of Defendant's marks LOOP'D NETWORK and

17  LOOP'D with the LOOPT mark of Loopt, for use in connection with highly similar goods and

18  services, among other factors, Defendant's use of the LOOP'D and LOOP'D NETWORK marks

19  is likely to cause confusion in the marketplace. The resulting confusion will cause damage to

20  Loopt, and will injure its reputation in the trade and with the public.

21  **FIRST CAUSE OF ACTION**

22  (Infringement of Registered Trademarks, 15 U.S.C. § 1114)

23  28.  Plaintiff realleges and incorporates by reference paragraphs 1 though 27 above as

24  though fully set forth herein.

25  29.  Plaintiff is the owner of the LOOPT Registrations.

26  30.  Defendant has used in commerce, without Plaintiff's consent, marks that are

27  highly similar to Plaintiff's federally registered trademarks. Taking into account the extremely

28

COMPLAINT                                    -6-

1 │ similar commercial activities of the parties, among other factors, Defendant's use of such

2 │ trademarks is likely to cause confusion, deception, or mistake among consumers.

3 │     31.    As a consequence of Defendant's infringement of the marks in the Loopt

4 │ Registrations, Plaintiff is entitled to an injunction as set forth below, an order of destruction of all

5 │ of Defendant's infringing materials, Defendant's profits, Plaintiff's damages, and Plaintiff's

6 │ costs of action.

7 │     32.    Defendant's willful and unauthorized use of the LOOP'D and LOOP'D

8 │ NETWORK marks has damaged Plaintiff in an amount to be proved at trial. As a consequence

9 │ of Defendant's willful conduct, Plaintiff has suffered irreparable harm and will continue to do so

10 │ unless Defendant's unlawful conduct is enjoined.

11 │     33.    As a consequence of Defendant's willful infringement, Plaintiff is entitled to

12 │ recover from Defendant treble damages, treble profits, and Plaintiff's costs and attorneys' fees

13 │ incurred in connection with this action.

14 │ **SECOND CAUSE OF ACTION**

15 │ (False Representation and False Designation of Origin, 15 U.S.C. § 1125(a))

16 │     34.    Plaintiff realleges and incorporates by reference paragraphs 1 through 33 above as

17 │ though fully set forth herein.

18 │     35.    Defendant's acts described above, including its use in commerce of marks that are

19 │ highly similar to the LOOPT trademark, are likely to cause confusion, mistake, or deception as to

20 │ the source, sponsorship, affiliation or approval of Defendant's services. Further, Defendant's

21 │ acts described above constitute false representations of fact that are likely to cause confusion,

22 │ mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant's

23 │ services.

24 │     36.    As a consequence of Defendant's violation, Plaintiff is entitled to an injunction as

25 │ set forth below, an order of destruction of all of Defendant's infringing materials, Defendant's

26 │ profits, Plaintiff's damages and Plaintiff's costs of action.

27 │

28 │

COMPLAINT           -7-

1    37.    As a consequence of Defendant's willful infringement, Plaintiff is entitled to

2  recover from Defendant treble damages, treble profits, and Plaintiff's costs and attorneys' fees

3  incurred in connection with this action.

4    **THIRD CAUSE OF ACTION**

5    (Refusal of Trademark Application)

6    38.    Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as

7  though fully set forth herein.

8    39.    Plaintiff's use of and application for the LOOPT mark is prior to Defendant's use

9  of and application for the mark in the Loop'd Application.

10    40.    The Loop'd Application is likely to be confused with Plaintiff's LOOPT

11  trademark, because the marks are confusingly similar in appearance, sound, and meaning, and

12  convey a confusingly similar commercial impression.

13    41.    The goods and services in the Loop'd Application are identical or highly related

14  to Plaintiff's goods and services offered in connection with the LOOPT mark, and use of

15  LOOP'D NETWORK mark on such goods and services would so nearly resemble Plaintiff's use

16  as to be likely to cause confusion, mistake, or deception

17    42.    On information and belief, Defendant has ceased use of the mark in the Loop'd

18  Application.

19    43.    On information and belief, Defendant has ceased use of the mark in the Loop'd

20  Application, without an intention to resume use.

21    44.    On information and belief, Defendant has abandoned the mark in the Loop'd

22  Application.

23    45.    Plaintiff has been damaged and will likely continue to be damaged by the Loop'd

24  Application, as the mark in the Loop'd Application is highly similar to Plaintiff's LOOPT mark

25  and the marks in the Loopt Registrations, for use in connection with highly similar products and

26  services. As such, confusion in the trade and in the public is likely to result, injuring Plaintiff's

27  reputation in the trade and with the public.

28

1         46.    Accordingly, Plaintiff is entitled to an order from this Court refusing registration

2    of the Loop'd Application. With respect to this order, Plaintiff requests certification to the

3    Director of the U.S. Patent and Trademark Office instructing the Director to make the

4    appropriate entries upon the U.S. Patent and Trademark Office's records.

5                            **FOURTH CAUSE OF ACTION**

6           (Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

7         47.    Plaintiff realleges and incorporates by reference paragraphs 1 through 46 as

8    though fully set forth herein.

9         48.    Defendant registered the domain name www.loopd.com and uses the domain

10   name as the site of its online social networking service.

11        49.    Defendant has registered and used a domain name that is confusingly similar to

12   Plaintiff's LOOPT trademark.

13        50.    Defendant did not use the domain name www.loopd.com in connection with the

14   bona fide offering of any goods or services before Plaintiff developed enforceable rights in the

15   LOOPT trademark.

16        51.    Defendant does not make bona fide noncommercial or fair use of the LOOPT

17   trademark at www.loopd.com.

18        52.    Defendant intends to divert consumers seeking Plaintiff's products and services to

19   its own social networking website at www.loopd.com by creating a likelihood of confusion as to

20   the source, sponsorship, affiliation or endorsement of the website at www.loopd.com.

21   Defendant's acts are for commercial gain and harm the goodwill Plaintiff has earned in its

22   LOOPT trademarks.

23        53.    Defendant's acts described above demonstrate bad faith intent to profit from

24   Plaintiff's LOOPT mark.

25        54.    As a consequence, Plaintiff is entitled to an injunction as set forth below,

26   Defendant's profits, Plaintiff's damages, statutory damages, and costs of action.

27

28

COMPLAINT                    -9-

1    55.    Because this is an exceptional case, involving calculated and willful misconduct

2    by Defendant, Plaintiff is entitled to recover treble damages, treble profits and attorneys' fees

3    against Defendant.

4                                    **FIFTH CAUSE OF ACTION**

5               (Unlawful Business Practices – Cal. Bus. & Prof. Code § 17200 et seq.)

6    56.    Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as

7    though fully set forth herein.

8    57.    Defendant's use of a trademark and domain name that is confusingly similar to

9    those used by Plaintiff constitutes unfair, deceptive, untrue and misleading advertising.

10   58.    Defendant's actions complained of herein are unlawful, unfair, or fraudulent

11   business acts or practices, constituting unfair competition in violation of California Business and

12   Professions Code §17200 et seq.

13   59.    Defendant's acts described above have greatly and irreparably damaged Plaintiff

14   and will continue to damage Plaintiff unless enjoined by this Court.  Accordingly, Plaintiff is

15   entitled to an injunction under California Business and Professions Code §17203, as well as

16   restitution and disgorgement of Defendant's profits.

17                                    **SIXTH CAUSE OF ACTION**

18               (False Advertising – California Business & Professions Code §17500 et seq.)

19   60.    Plaintiff realleges and incorporates by reference paragraphs 1 through 59 as

20   though fully set forth herein.

21   61.    Defendant's ongoing offers of services under the marks LOOP'D and LOOP'D

22   NETWORK are disseminated to and received by the public in California.  Defendant has

23   engaged in these actions with the intent to provide its services, and/or to induce the public to

24   enter into an obligation relating to such services.  Such actions (which are likely to deceive the

25   public as to the source, sponsorship, affiliation, or approval of Defendant's products) constitute

26   unfair, deceptive, untrue or misleading advertising under California Business and Professions

27   Code §17500, and also amount to a separate and further violation of California Business and

28   Professions Code §17200 et seq.

COMPLAINT                                   -10-

1    62.    Defendant's acts described above have greatly and irreparably damaged Plaintiff

2    and will continue to damage Plaintiff unless enjoined by this Court. Accordingly, Plaintiff is

3    entitled to an injunction under California Business and Professions Code §17535, as well as

4    restitution and disgorgement of Defendant's profits.

5                                 **SEVENTH CAUSE OF ACTION**

6                                (Common Law Unfair Competition)

7    63.    Plaintiff realleges and incorporates by reference paragraphs 1 through 62 as

8    though fully set forth herein.

9    64.    Defendant's acts described above constitute unfair competition in violation of the

10   common law of the State of California.

11                                  **EIGHTH CAUSE OF ACTION**

12                               (Common Law Trademark Infringement)

13   65.    Plaintiff realleges and incorporates by reference paragraphs 1 through 64 as

14   though fully set forth herein.

15   66.    Defendant's acts described above constitute willful trademark infringement under

16   the common law of the State of California.

17   67.    Defendant's acts described above have greatly and irreparably damaged Plaintiff

18   and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff is entitled to an

19   injunction as set forth below, as well as damages to be proved at trial.

20                                     **PRAYER FOR RELIEF**

21       WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as

22   follows:

23       a.    That the Court preliminarily and permanently enjoin Defendant, its subsidiaries,

24             parent and affiliated companies, successors, assigns, officers, directors, agents,

25             partners, servants, employees, and attorneys of those companies or individuals,

26             and all others in active concert or participation with Defendant, from using the

27             LOOP'D and LOOP'D NETWORK marks, the www.loopd.com domain name,

28

COMPLAINT                                    -11-

1  and any other mark, word, name or domain name that is likely to cause confusion
2  with Plaintiff's trademarks;

3  b.  That the Court require Defendant and all others holding by, through or under
4  them, to deliver up for destruction all products, labels, signs, prints, packages,
5  wrappers, receptacles, advertisements, website content, television advertisements
6  and other electronic forms of data in its possession or control bearing the
7  LOOP'D mark, the LOOP'D NETWORK mark and related trademarks, the
8  www.loopd.com domain name, and any other variation of Plaintiff's marks;

9  c.  That the Court order the Director of the U.S. Patent and Trademark Office to
10  refuse registration of the Loop'd Application;

11  d.  That the Court order Defendant to take all actions necessary to transfer to Plaintiff
12  all domain names registered by Defendant containing Plaintiff's trademarks or
13  marks confusingly similar thereto, including the www.loopd.com domain name;

14  e.  That the Court order Defendant to pay the maximum statutory damages available
15  for the registration and/or use of the www.loopd.com domain name;

16  f.  That the Court order Defendant, and all others enjoined in this action, jointly and
17  severally, to file with the Court and serve on Plaintiff an affidavit setting forth in
18  detail the manner and form in which they have complied with the terms of the
19  injunction;

20  g.  That the Court require Defendant to account for and pay to Plaintiff treble the
21  amount of all profits derived by Defendant as a result of the acts alleged in this
22  action;

23  h.  That the Court order Defendant to pay to Plaintiff treble the amount of all
24  damages incurred by Plaintiff by reason of Defendant's acts alleged in this action;

25  i.  That the Court award Plaintiff the costs of this action, together with reasonable
26  attorneys' fees and disbursements; and

27  j.  That the Court grant such other and further relief as the Court deems just and
28  equitable.

COMPLAINT                    -12-

1    Dated:  June 3, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
        John L. Slafsky
        Hollis Beth Hire

Attorneys for Plaintiff
LOOPT, INC.

COMPLAINT                                    -13-

1

<u>DEMAND FOR JURY TRIAL</u>

2

3      Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial of

4    all issues triable by a jury.

5

6    Dated: June 3, 2008                          WILSON SONSINI GOODRICH & ROSATI
                                                   Professional Corporation
7

8                                                  By:
9                                                      John L. Slafsky
                                                       Hollis Beth Hire
10
                                                   Attorneys for Plaintiff
11                                                 LOOPT, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL