1  COOLEY GODWARD KRONISH LLP
   KENT M. WALKER (173700) (walkerkm@cooley.com)
2  4401 Eastgate Mall
   San Diego, CA  92121
3  Telephone:    (858) 550-6000
   Facsimile:     (858) 550-6420
4
5  GRETCHEN R. STROUD (142305) (stroudgr@cooley.com)
   3175 Hanover Street
   Palo Alto, CA 94304-1130
6  Telephone: (650) 843-5000
   Facsimile: (650) 849-7400
7
8  Attorneys for Defendant
   SponsorHouse, Inc.

9
10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  Loopt, Inc.,                    Case No.  C 08-02767 JSW

14              Plaintiff,          **ANSWER TO PLAINTIFF'S**
                                    **COMPLAINT FOR TRADEMARK**
15      v.                          **INFRINGEMENT, LANHAM ACT**
                                    **VIOLATIONS, UNLAWFUL**
16  SponsorHouse, Inc., dba Loop'd Network,   **BUSINESS PRACTICES AND**
                                    **RELATED CLAIMS**
17              Defendant.
                                    **COUNTERCLAIM**
18
                                    **DEMAND FOR JURY TRIAL**
19

20

21          Defendant SponsorHouse, Inc., dba Loop'd Network ("Defendant" or "SponsorHouse"),
22
    hereby responds to Plaintiff Loopt, Inc.'s ("Plaintiff" or "Loopt") Complaint, dated June 3, 2008,
23
    ("Complaint) as follows:
24
                                **THE PARTIES**
25
        **1.**     SponsorHouse admits that Loopt pleaded in its complaint that it is a Delaware
26
    corporation with its principal place of business at 590 W. El Camino Real, Mountain View,
27
    California 94040.
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767 JW                    1.        DEFENDANT'S ANSWER TO PLAINTIFF'S
                                                 COMPLAINT AND COUNTERCLAIM

**2.**    SponsorHouse admits the allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

**3.**    SponsorHouse admits that the claims stated in the Complaint arise under 15 U.S.C. §§ 1114 and 1125(a), California statutes, and common law and denies the remaining allegations set for in Paragraph 3 of the Complaint.

**4.**    SponsorHouse admits that, in Paragraph 4 of the Complaint, Plaintiff purports to establish this Court's subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, and 1338(b).

**5.**    SponsorHouse admits that Plaintiff purports to establish this Court's personal jurisdiction over SponsorHouse.  SponsorHouse further admits that it operates a commercial website that is available within this judicial district.  SponsorHouse denies the remaining allegations set forth in paragraph 5 of the Complaint.

**6.**    SponsorHouse admits that Plaintiff purports to establish proper venue in this Court.  SponsorHouse denies the remaining allegations set forth in paragraph 6 of the Complaint.

## INTRADISTRICT ASSIGNMENT

**7.**    SponsorHouse states that this action has been assigned to the San Francisco Division.

## BACKGROUND

**8.**    SponsorHouse lacks sufficient knowledge and information to admit or deny the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

**9.**    SponsorHouse lacks sufficient knowledge and information to admit or deny the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

**10.**    SponsorHouse lacks sufficient knowledge and information to admit or deny the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

**11.**    SponsorHouse lacks sufficient knowledge and information to admit or deny the allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

**12.**    SponsorHouse lacks sufficient knowledge and information to admit or deny the allegations set forth in paragraph 12 of the Complaint, and therefore denies them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767                    2.                    DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

13.    SponsorHouse admits that based on the face of Registration Nos. 3,372,654 and 3,372,654, the USPTO issued those registrations to Loopt, Inc. (the "LOOPT Registrations"). SponsorHouse denies the remaining allegations set forth in paragraph 13 of the Complaint.

14.    SponsorHouse admits that based on the face of the Registration, the USPTO issued Registration No. 3,354,370 to Loopt, Inc. on December 11, 2007, in connection with certain goods and services.  SponsorHouse denies the remaining allegations set forth in paragraph 14 of the Complaint.

15.    SponsorHouse admits that based on the face of the Registration, the USPTO issued Registration No. 3,372,654 to Loopt, Inc. on January 22, 2008, in connection with certain goods and services.  SponsorHouse denies the remaining allegations set forth in paragraph 15 of the Complaint.

16.    SponsorHouse states no response is necessary to the allegations in paragraph 16 of the Complaint because the LOOPT Registrations speak for themselves, but to the extent a response is required, SponsorHouse denies the allegations set forth in paragraph 16 of the Complaint.

17.    SponsorHouse lacks sufficient knowledge and information to admit or deny the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

**Defendant's Use of the LOOP'D and LOOP'D NETWORK Marks and the "loopd.com" Domain Name**

18.    SponsorHouse admits that it uses the marks LOOP'D and LOOP'D NETWORK. SponsorHouse denies all remaining allegations set forth in paragraph 18 of the Complaint.

19.    SponsorHouse admits that it hosts an online community for sports enthusiasts and denies all remaining allegations set forth in paragraph 19 of the Complaint.

20.    SponsorHouse admits that it began to use the LOOP'D and LOOP'D NETWORK marks in commerce at least as early as February 2007.  SponsorHouse lacks sufficient knowledge and information to admit or deny the remaining allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

21.    SponsorHouse admits that it hosts the website associated with the domain name

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767                    3.                    DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

www.loopd.com.  SponsorHouse denies all remaining allegations set forth in paragraph 21 of the Complaint.

22.     SponsorHouse admits that it filed a trademark application with the United States Patent and Trademark Office for the mark LOOP'D NETWORK and Design, Application Serial No. 77/268213 (the "SponsorHouse Application").   SponsorHouse further states that the SponsorHouse Application speaks for itself and no further response is required to paragraph 22 of the Complaint.

23.     SponsorHouse admits that it received a letter from Loopt's attorneys dated November 6, 2007, which letter speaks for itself.   To the extent a response is required, SponsorHouse denies the allegations set forth in paragraph 23 of the Complaint.

24.     SponsorHouse admits that it sent an email to Loopt's attorneys dated November 15, 2007, which email speaks for itself.   To the extent a response is required, SponsorHouse denies the allegations set forth in paragraph 24 of the Complaint.

25.     SponsorHouse admits that it uses the marks LOOP'D and LOOP'D NETWORK. SponsorHouse denies all remaining allegations set forth in paragraph 25 of the Complaint.

26.     SponsorHouse denies all allegations set forth in paragraph 26 of the Complaint.

27.     SponsorHouse denies all allegations set forth in paragraph 27 of the Complaint.

## FIRST CAUSE OF ACTION

(Infringement of Registered Trademarks, 15 U.S.C. § 1114)

28.     SponsorHouse incorporates by reference its foregoing answers in paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29.     SponsorHouse lacks sufficient knowledge and information to admit or deny the allegations set forth in paragraph 29 of the Complaint, and therefore denies them.

30.     SponsorHouse denies all allegations set forth in paragraph 30 of the Complaint.

31.     SponsorHouse denies all allegations set forth in paragraph 31 of the Complaint.

32.     SponsorHouse denies all allegations set forth in paragraph 32 of the Complaint and specifically denies that SponsorHouse has caused Loopt any damage in any amount.

33.     SponsorHouse denies all allegations set forth in paragraph 33 of the Complaint.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767                                    4.                          DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

**SECOND CAUSE OF ACTION**

(False Representation and False Designation of Origin, 15 U.S.C. § 1125(a))

**34.**    SponsorHouse incorporates by reference its foregoing answers to paragraphs 1 through 33 of the Complaint as though fully set forth herein.

**35.**    SponsorHouse denies all allegations set forth in paragraph 35 of the Complaint.

**36.**    SponsorHouse denies all allegations set forth in paragraph 36 of the Complaint.

**37.**    SponsorHouse denies all allegations set forth in paragraph 37 of the Complaint.

**THIRD CAUSE OF ACTION**

(Refusal of Trademark Application)

**38.**    SponsorHouse incorporates by reference its foregoing answers to paragraphs 1 through 37 of the Complaint as though fully set forth herein.

**39.**    SponsorHouse lacks sufficient information or belief on which to answer the allegations in paragraph 39 of the Complaint and on that basis denies them.

**40.**    SponsorHouse denies all allegations set forth in paragraph 40 of the Complaint.

**41.**    SponsorHouse denies all allegations set forth in paragraph 41 of the Complaint.

**42.**    SponsorHouse denies all allegations set forth in paragraph 42 of the Complaint.

**43.**    SponsorHouse denies all allegations set forth in paragraph 43 of the Complaint.

**44.**    SponsorHouse denies all allegations set forth in paragraph 44 of the Complaint.

**45.**    SponsorHouse denies all allegations set forth in paragraph 45 of the Complaint and specifically denies that SponsorHouse has caused Loopt any damage in any amount.

**46.**    SponsorHouse denies all allegations set forth in paragraph 46 of the Complaint.

**FOURTH CAUSE OF ACTION**

(Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

**47.**    SponsorHouse incorporates by reference its foregoing answers to paragraphs 1 through 46 of the Complaint as though fully set forth herein.

**48.**    SponsorHouse admits that it operates a web site at the domain name www.loopd.com and denies the remaining allegations set forth in paragraph 48 of the Complaint.

**49.**    SponsorHouse denies all allegations set forth in paragraph 49 of the Complaint.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767                    5.                    DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

**50.**    SponsorHouse lacks sufficient information or belief on which to answer the allegations in paragraph 50 of the Complaint and on that basis denies them.

**51.**    SponsorHouse admits the allegations set forth in paragraph 51 of the Complaint.

**52.**    SponsorHouse denies all allegations set forth in paragraph 52 of the Complaint.

**53.**    SponsorHouse denies all allegations set forth in paragraph 53 of the Complaint.

**54.**    SponsorHouse denies all allegations set forth in paragraph 54 of the Complaint.

**55.**    SponsorHouse denies all allegations set forth in paragraph 55 of the Complaint.

**FIFTH CAUSE OF ACTION**

(Unlawful Business Practices – Cal. Bus. & Prof. Code § 17200 et seq.)

**56.**    SponsorHouse incorporates by reference its foregoing answers to paragraphs 1 through 55 of the Complaint as though fully set forth herein.

**57.**    SponsorHouse denies all allegations set forth in paragraph 57 of the Complaint.

**58.**    SponsorHouse denies all allegations set forth in paragraph 58 of the Complaint.

**59.**    SponsorHouse denies all allegations set forth in paragraph 59 of the Complaint and specifically denies that SponsorHouse has caused Loopt any damage in any amount.

**SIXTH CAUSE OF ACTION**

(False Advertising – California Business & Professions Code § 17500 et seq.)

**60.**    SponsorHouse incorporates by reference its foregoing answers to paragraphs 1 through 59 of the Complaint as though fully set forth herein.

**61.**    SponsorHouse admits that its services under the LOOP'D and LOOP'D NETWORK Marks are offered to the public in California.  SponsorHouse denies the remaining allegations set forth in paragraph 61 of the Complaint.

**62.**    SponsorHouse denies all allegations set forth in paragraph 62 of the Complaint and specifically denies that SponsorHouse has caused Loopt any damages in any amount.

**SEVENTH CAUSE OF ACTION**

(Common Law Unfair Competition)

**63.**    SponsorHouse incorporates its foregoing answers to paragraphs 1 through 62 of the Complaint as though fully set forth herein.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767

6.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

**64.**    SponsorHouse denies all allegations set forth in paragraph 64 of the Complaint.

### EIGHTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

**65.**    SponsorHouse incorporates its foregoing answers to paragraphs 1 through 64 of the Complaint as though fully set forth herein.

**66.**    SponsorHouse denies all allegations set forth in paragraph 66 of the Complaint.

**67.**    SponsorHouse denies all allegations set forth in paragraph 67 of the Complaint and specifically denies that SponsorHouse has caused Loopt any damages in any amount.

### AFFIRMATIVE DEFENSES

SponsorHouse asserts the following additional defenses to each and every cause of action in the Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim, FRCP 12(b)(6))

**68.**    SponsorHouse is informed and believes, and based thereon alleges, that the Complaint fails to state a claim against SponsorHouse upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Estoppel, Waiver and Laches)

**69.**    SponsorHouse is informed and believes, and based thereon alleges, that Loopt's claims for relief are barred in whole or in part by the doctrines of estoppel, waiver and laches.

### THIRD AFFIRMATIVE DEFENSE

### (Attorney's Fees and Costs Unavailable)

**70.**    Loopt is not entitled to seek attorney's fees from SponsorHouse under the Lanham Act in connection with its complaint, because it has not pled facts such as to render this an "exceptional case" permitting the award of attorney's fees pursuant to 15 U.S.C. § 1117.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

**71.**    Loopt's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767

7.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

(Acquiescence)

**72.**    Loopt's claims are barred, in whole or in part, by the doctrine of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

(Trademark misuse)

**73.**    Loopt's claims are barred, in whole or in part, by the doctrine of trademark misuse.

## PRAYER FOR RELIEF

**WHEREFORE**, SponsorHouse prays for judgment as set forth below and for separate and additional defenses as follows:

1.    That judgment be entered in favor of Defendant SponsorHouse, Inc. and against Plaintiff Loopt, Inc., and that the Complaint be dismissed with prejudice;

2.    That Defendant be awarded its costs incurred in defending against the claims made by Plaintiff;

3.    That Defendant be awarded its attorney's fees to the extent allowable; and

4.    For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff SponsorHouse counterclaims and alleges as follows:

## PARTIES

**1.**    Counterclaim Plaintiff SponsorHouse, Inc. ("SponsorHouse") is a California corporation doing business as Loop'd Network, having a principal place of business at 3560 Dunhill Street, Suite 100, San Diego, California 92121.

**2.**    On information and belief, Counterclaim Defendant Loopt, Inc. ("Loopt") is a Delaware corporation having its principal place of business at 590 W. El Camino Real, Mountain View, California 94040.

## JURISDICTION

**3.**    These counterclaims seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and under the trademark laws of the United States, 15 U.S.C. §§ 11051-

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767                    8.                    DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

1   1127.  This Court has jurisdiction over the subject matter of the claims for relief asserted herein

2   pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a).

3                                              **PERSONAL JURISDICTION**

4        **4.**        This Court has personal jurisdiction over Loopt by virtue of its residing and doing

5   business in this judicial district.

6                                                        **VENUE**

7        **5.**        Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

8                                                    **BACKGROUND**

9        **6.**        Incorporated in 2001, SponsorHouse hosted the leading online destinations for

10   action sport athletes to connect with each other, get featured, get sponsored, and get gear at

11   www.sponsorhouse.com.  At least as early as 2007, SponsorHouse expanded its focus and began

12   to operate Loop'd Network at www.loopd.com, the social network for action sports.  Loop'd

13   Network is a place for action sports athletes and enthusiasts to share with friends, discover news

14   about their favorite sports, showcase their talent, buy gear, and connect with sponsors.  Loop'd

15   Network has over 300,000 members who interact across many branded communities and sport

16   hubs, interconnected by the broader network.

17       **7.**        SponsorHouse has partnered with many major brands, including Monster Energy

18   (Hansen Co.), Oakley, Pacific Sunwear and Surfer Magazine's Hot 100, to build long-lasting

19   relationships with consumers.

20       **8.**        SponsorHouse has been using the mark LOOP'D NETWORK in connection with

21   its online sports community network since at least as early as July 1, 2007, and in connection with

22   downloadable software for the development of websites since at least as early as February 1,

23   2007.

24       **9.**        On August 30, 2007, SponsorHouse filed an application to register the mark

25   LOOP'D NETWORK and Design with the United States Patent and Trademark Office, given

26   Application Serial No. 77/268,213 (the "LOOP'D NETWORK Application").  The mark consists

27   of a character outlined in brown, wearing a red cap, the word "LooP'd" written in red using a

28   capital letter "L" and capital letter "P" and lower case "o", "o" and "d"; the word "Network" all

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767                              9.                    DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

1   in capital white letters surrounded by a red box; and the entire mark and man figure surrounded

2   by a beige border.  The LOOP'D NETWORK Application was filed in connection with the

3   following listing of goods and services:

4           International Class 9:  Downloadable software for the development of websites;

5   and

6           International Class 42:  Computer services, namely, hosting an online community

7   network featuring individual websites in the field of sports, athletes, apparel, sporting goods and

8   equipment.

9           **10.**    On June 3, 2008, Loopt filed a Notice of Opposition with the Trademark Trial and

10  Appeal Board with respect to the LOOP'D NETWORK Application, seeking an order rejecting

11  the registration of the LOOP'D NETWORK Application, given Opposition No. 91184412 (the

12  "Opposition").  The Opposition is presently suspended.

13                          **Loopt's Use of the LOOPT Mark**

14          **11.**    On information and belief, Loopt provides a service and software for mobile

15  phones that allows mobile phone users to see where their friends are located and what they are

16  doing via interactive maps on their mobile phones.

17          **12.**    On information and belief, Loopt advertises its products and services in connection

18  with the LOOPT trademark on a website at www.loopt.com.

19          **13.**    On or about November 6, 2007, SponsorHouse received a letter from counter-

20  defendant Loopt's attorney in which Loopt for the first time advised SponsorHouse that it

21  believed SponsorHouse's use of the mark LOOP'D was likely to cause confusion, mistake, and

22  deception among consumers who may believe that the services offered in connection with the

23  LOOP'D mark are somehow offered by, associated with, or approved by Loopt.  Loopt demanded

24  that SponsorHouse confirm that it would not use the LOOP'D mark in connection with its

25  business.   Loopt also demanded that SponsorHouse abandon its trademark application for the

26  LOOP'D NETWORK mark and transfer to Loopt all domain names incorporating the term

27  LOOPD registered in SponsorHouse's name.

28          **14.**    On November 15, 2007, SponsorHouse responded by email to Loopt explaining

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

**Loopt v. SponsorHouse
Case No. 08-2767**                    10.                    **Defendant's Answer to Plaintiff's
Complaint and Counterclaims**

1   that the two marks are different and that the two companies offer completely different services

2   and target completely different audiences.

3       **15.**    On information and belief, Loopt has not used the LOOPT mark to identify any

4   online sports community network.

5       **16.**    On June 3, 2008, Loopt filed this action in the Northern District of California

6   against SponsorHouse alleging, among other things, trademark infringement and Lanham Act

7   violations.

8                               **<u>FIRST COUNTERCLAIM</u>**

9      (Declaratory Judgment of Non-Infringement, Non-False Representation and Designation of

10       Origin, Non-Violation of Anticybersquatting Consumer Protection Act, and Non-False

11                             Advertising)

12       **17.**    SponsorHouse incorporates by reference the allegations set forth in paragraphs 1

13   through 16, inclusive, of these Counterclaims as though set forth fully herein.

14       **18.**    As a result of the facts alleged above, an actual, valid and justiciable controversy

15   has arisen and now exists between SponsorHouse and Loopt with respect to their respective rights

16   and obligations regarding the LOOPT mark on the one hand and the LOOP'D and LOOP'D

17   NETWORK marks on the other hand.  Based on the conduct and statements of Loopt alleged

18   above, including the pending lawsuit it has filed against SponsorHouse, and the Opposition,

19   SponsorHouse has formed the reasonable apprehension and believes that Loopt has and will in

20   the future continue to challenge SponsorHouse's use of the marks LOOP'D and LOOP'D

21   NETWORK for its online sports community network.

22       **19.**    SponsorHouse contends that its use of the LOOP'D and LOOP'D NETWORK

23   marks do not infringe the purported rights of Loopt in the LOOPT marks because the marks are

24   not substantially similar and because Loopt's purported rights in the LOOPT marks do not extend

25   to online sports community network services.

26       **20.**    SponsorHouse desires a judicial determination of the foregoing dispute and a

27   declaration by the Court of the parties' respective rights with respect to all such matters as alleged

28   above.  In particular, SponsorHouse seeks a declaration that SponsorHouse's use of the LOOP'D

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767         11.         DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

1  and LOOP'D NETWORK marks do not infringe Loopt's LOOPT mark, do not constitute a false

2  representation of fact or false designation of origin or false advertising and that the LOOP'D

3  NETWORK mark should be permitted to register.    Furthermore, SponsorHouse seeks a

4  declaration that SponsorHouse's registration and use of the domain name www.loopd.com does

5  not constitute a violation of the Anticybersquatting Consumer Protection Act.   A judicial

6  declaration is necessary and appropriate at this time in order that SponsorHouse may determine

7  the extent, nature and scope of its rights with respect to the foregoing dispute and, among other

8  things, to remove the cloud that the foregoing dispute places on the conduct of SponsorHouse's

9  business.

10                                    **PRAYER FOR RELIEF**

11        **WHEREFORE**, SponsorHouse prays for judgment as set forth below:

12              1.      Declaring that the use by SponsorHouse of the marks LOOP'D and

13  LOOP'D NETWORK  in connection with downloadable software for the development of

14  websites and computer services, namely, hosting an online community network featuring

15  individual websites in the field of sports, athletes, apparel, sporting goods and equipment does not

16  infringe any rights that Loopt may have in the LOOPT mark;

17              2.      Instructing the Director of the U.S. Patent and Trademark Office to issue a

18  registration for the LOOP'D NETWORK Application;

19              3.      Directing Loopt to pay SponsorHouse's attorney's fees and costs of suit

20  incurred herein; and

21              4.      For such other and further relief as the Court may deem just and proper.

22

23

24

25

26

27

28

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

Loopt v. SponsorHouse
Case No. 08-2767                                12.                    Defendant's Answer to Plaintiff's
                                                                       Complaint and Counterclaims

1

Dated: July 3, 2008                                COOLEY GODWARD KRONISH LLP
2                                                  KENT M. WALKER (173700)
                                                   GRETCHEN R. STROUD (142305)
3

4                                                  _/s/ Kent M. Walker_
                                                   _____
5                                                  Kent M. Walker (173700)
                                                   Attorneys for Defendant
6                                                  SponsorHouse, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE
CASE NO. 08-2767

13.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial of all

3    issues triable by a jury.

4

5

6    Dated: July 3, 2008                          COOLEY GODWARD KRONISH LLP
                                                  KENT M. WALKER (173700)
7                                                 GRETCHEN R. STROUD (142305)

8

9                                                  _/s/ Kent M. Walker_
                                                  Kent M. Walker (173700)
10                                                Attorneys for Defendant
                                                  SponsorHouse, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

LOOPT V. SPONSORHOUSE                    14.              DEFENDANT'S ANSWER TO PLAINTIFF'S
CASE NO. 08-2767                                          COMPLAINT AND COUNTERCLAIMS