JOHN L. SLAFSKY, State Bar No. 195513
SUSAN E. BOWER, State Bar No. 173244
HOLLIS BETH HIRE, State Bar No. 203651
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
jslafsky@wsgr.com
sbower@wsgr.com
hhire@wsgr.com

Attorneys for Plaintiff
LOOPT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOPT, INC., a Delaware corporation, ) | CASE NO.: C 08-02767 JSW |
| ) | |
| Plaintiff, ) | PLAINTIFF'S ANSWER TO |
| ) | DEFENDANT'S COUNTERCLAIM |
| v. ) | |
| ) | |
| SPONSORHOUSE, INC., dba LOOP'D ) | |
| NETWORK, a California corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Plaintiff and Counterclaim Defendant Loopt Inc. ("Loopt"), by and through its attorneys, hereby answers the Counterclaim of Defendant and Counterclaim Plaintiff SponsorHouse, Inc., dba Loop'd Network ("Loop'd") as follows:

**COUNTERCLAIM**

**PARTIES**

1. Loopt admits the allegations as set forth in paragraph 1 of the Counterclaim.

2. Loopt admits the allegations as set forth in paragraph 2 of the Counterclaim.

**JURISDICTION**

3. Loopt admits that Loop'd purports to seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2201 and under the trademark laws of the United States, 15 U.S.C. §§ 11051-1127. Loopt further admits that Loop'd purports to establish the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a) in paragraph 3 of the Counterclaim.

**PERSONAL JURISDICTION**

4. Loopt admits that the Court has personal jurisdiction over it and that it does business and resides in the district. Loopt denies the remaining allegations of paragraph 4 of the Counterclaim.

**VENUE**

5. Loopt admits the allegations as set forth in paragraph 5 of the Counterclaim.

**BACKGROUND**

6. Loopt lacks sufficient knowledge to admit or deny the allegations as set forth in paragraph 6 of the Counterclaim and on that basis denies them.

7. Loopt lacks sufficient knowledge to admit or deny the allegations as set forth in paragraph 7 of the Counterclaim and on that basis denies them.

8. Loopt lacks sufficient knowledge to admit or deny the allegations as set forth in paragraph 8 of the Counterclaim and on that basis denies them.

9. Loopt admits that based on the face of Application Serial No. 77/268,213, Loop'd filed the Application to register the mark as described in paragraph 9 of the Counterclaim. Loopt denies the remaining allegations of paragraph 9 of the Counterclaim.

10. Loopt admits the allegations of paragraph 10 of the Counterclaim.

**Loopt's Use of the LOOPT Mark**

11. Loopt admits that one of the services it provides allows mobile phone users to see where their friends are located and what they are doing via interactive maps on their mobile

1  phones.  Loopt further avers that it offers many other features and services to its users as
2  described in its Complaint.
3       12.     Loopt admits that it promotes and offers its products and services, in part, through
4  a website at the domain name www.loopt.com.  Loopt further avers that its website is not the
5  only medium for the advertisement of its products and services.
6       13.     Loopt admits that it sent a letter to Loop'd on November 6, 2007 as alleged in
7  paragraph 13 of the Counterclaim.  Loopt further responds that its letter speaks for itself.
8       14.     Loopt admits that Loop'd sent Loopt an e-mail message on November 15, 2007.
9  Loopt denies the remaining allegations of paragraph 14 and further responds that Loop'd's e-
10 mail message speaks for itself.
11      15.     Loopt denies the allegations of paragraph 15 as set forth in the Counterclaim.
12      16.     Loopt admits the allegations of paragraph 16 as set forth the Counterclaim.

### FIRST COUNTERCLAIM

13
14      17.     Loopt incorporates by reference its responses to paragraphs 1 through 16 of the
15 Counterclaim.
16      18.     Loopt admits that a controversy has arisen between Loopt and Loop'd as a result
17 of Loop'd's wrongful use of the marks "LOOP'D" and "LOOP'D NETWORK."  Loopt further
18 admits that it will continue to challenge Loop'd's wrongful use of the marks "LOOP'D" and
19 "LOOP'D NETWORK" in the future.  Loopt denies the remaining allegations of paragraph 18.
20      19.     Loopt admits that Loop'd contends that its use of the "LOOP'D" and "LOOP'D
21 NETWORK" marks do not infringe Loopt's rights.  Loopt denies the remaining allegations of
22 paragraph 19.
23      20.     Loopt admits that Loop'd purports to desire a judicial determination of the
24 foregoing dispute and a declaration by the Court of the parties' respective rights with respect to
25 all such matters as alleged above.  Loopt further admits that Loop'd purports to seek a
26 declaration that Loop'd's use of the "LOOP'D" and "LOOP'D NETWORK" marks do not
27 infringe Loopt's "LOOPT" mark, do not constitute a false representation of fact or false
28 designation of origin or false advertising and that the "LOOP'D NETWORK" mark should be

permitted to register.  Loopt further admits that Loopt purports to seek a declaration that Loop'd's registration and use of the domain name www.loopd.com does not constitute a violation of the Anticybersquatting Consumer Protective Act.  Loopt denies that Loop'd is entitled to any of the declaratory relief sought in its Counterclaim.  Loopt denies the remaining allegations of paragraph 20.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21.  Loop'd's claim is barred, in whole or in part, because the Counterclaim fails to state a claim against Loopt upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22.  Loop'd's claim is barred, in whole or in part, by the equitable doctrines of waiver, estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

23.  Loop'd's claim is barred, in whole or in part, by the doctrine of unclean hands.

Dated:  July 24, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ John L. Slafsky              .
     John L. Slafsky
     Susan E. Bower
     Hollis Beth Hire

Attorneys for Plaintiff and Counterclaim Defendant LOOPT, INC