JOHN L. SLAFSKY, State Bar No. 195513
SUSAN E. BOWER, State Bar No. 173244
HOLLIS BETH HIRE, State Bar No. 203651
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
jslafsky@wsgr.com
sbower@wsgr.com
hhire@wsgr.com

Attorneys for Plaintiff/Counterclaim Defendant
LOOPT, INC.

KENT M. WALKER, State Bar No. 173700
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
walkerkm@cooley.com

GRETCHEN R. STROUD, State Bar No. 142305
COOLEY GODWARD KRONISH LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
stroudgr@cooley.com

Attorneys for Defendant/Counterclaim Plaintiff
SPONSORHOUSE, INC., dba LOOP'D NETWORK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOPT, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>SPONSORHOUSE, INC. dba LOOP'D NETWORK, a California corporation,<br><br>Defendant and Counterclaim Plaintiff. | CASE NO.: C 08-02767 JSW<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff/Counterclaim Defendant Loopt, Inc. and Defendant/Counterclaim Plaintiff SponsorHouse, Inc., dba Loop'd Network, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order:

1.  Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by such party or nonparty as (1) "Confidential;" or (2) "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order.

2.  Information or materials may be designated as "Confidential" if a party has a good faith belief that the item so designated constitutes a trade secret or other confidential research, development, or commercially sensitive information. Absent a specific order by this Court, information designated as "Confidential" shall be used by the parties solely in connection with this litigation, and not for any business, competitive, legal, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

3.  Information or materials may be designated "Highly Confidential – Attorneys' Eyes Only" if the item so designated is highly proprietary and/or competitively sensitive and the risk of improper use arising from disclosure outweighs the rights of the parties to review the item. Absent a specific order by this Court, information designated as "Highly Confidential – Attorneys' Eyes Only" shall be used by the parties solely in connection with this litigation, and not for any business, competitive, legal, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4.  The designation of information or material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purpose of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

    A.  In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, to each page containing any confidential information or material at the time such documents are produced or such information

1 is disclosed, or within 60 days of production or disclosure of such confidential information or
2 material in the event the party or nonparty seeking protection becomes aware of the confidential
3 nature of the information or material disclosed subsequent to the date the information or material
4 was disclosed or produced;

5         B.     In the case of depositions, by written notice of such designation sent by
6 counsel to all parties within fifteen (15) business days after the receipt by counsel of the transcript
7 of the deposition; or by the deponent or his counsel, or any other counsel of record present at the
8 deposition, invoking the provisions of this Protective Order in a timely manner during a
9 deposition, giving adequate warning that the testimony about to be given is deemed "Confidential"
10 or "Highly Confidential – Attorneys' Eyes Only." The parties shall treat all depositions as
11 "Highly Confidential – Attorneys' Eyes Only" hereunder until the expiration of fifteen (15)
12 business days after the receipt by counsel of the transcript of the deposition. Unless so designated,
13 any confidentiality is waived after the expiration of the fifteen (15) business period unless
14 otherwise stipulated or ordered. The parties may modify this procedure for any particular
15 deposition or proceeding through agreement on the record at such deposition or proceeding or
16 otherwise by written stipulation, without further order of the Court.

17         C.     If any document or information designated "Confidential" or "Highly
18 Confidential – Attorneys' Eyes Only" is used during the course of a deposition, that portion of the
19 deposition record reflecting such confidential document or information shall be sealed and
20 stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant
21 to the other terms of this Protective Order.

22     5.     Information or material designated as "Confidential," or copies or extracts
23 therefrom and compilations and summaries thereof, may be disclosed, summarized, described,
24 characterized, or otherwise communicated or made available in whole or in part only to the
25 following persons:

26         A.     counsel of record for the parties to this litigation and their clerical and legal
27 staff and litigation support providers (including copy services, graphics art and visual aid
28 providers, and jury consultants) whose function in connection with this litigation requires access

to such material; provided, however, that under no circumstances shall persons employed in legal departments of persons or entities who are not parties to the above-entitled action be given access to the documents;

   B. a control group of individuals who are employees, managers, officers and/or members of the corporate board of directors of such receiving party with responsibility for maintaining, defending or evaluating this litigation (and supporting personnel);

   C. consultants as defined in Paragraph 8 herein and pursuant to the provisions of Paragraph 9 herein;

   D. the Court, pursuant to Paragraph 12 herein;

   E. court reporters employed in connection to this action;

   F. any other person only under order of the Court or upon written consent of the party producing the "Confidential" information or material subject to and conditioned upon compliance with Paragraph 10 herein.

  6. Should counsel for a receiving party find it necessary for maintaining, defending, or evaluating this litigation to disclose a producing party's Confidential Information to a control group, counsel for the receiving party shall first obtain from each individual a signed statement, in the form attached hereto as Exhibit A, stating he or she has read and understands this Order and agrees to be bound by its terms.

  7. Information or material designated as "Highly Confidential – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   A. counsel of record for the parties to this litigation and their clerical and legal staff and litigation support providers (including copy services, graphics art and visual aid providers, and jury consultants) whose function in connection with this litigation requires access to such material; provided, however, that under no circumstances shall persons employed in legal departments of persons or entities who are not parties to the above-entitled action be given access to the documents;

    B. consultants as defined in Paragraph 8 herein and pursuant to the provisions of Paragraph 9 herein;

    C. the Court, pursuant to Paragraph 12 herein;

    D. court reporters employed in connection with this action;

    E. any other person only upon order of the Court or upon written consent of the party producing the "Highly Confidential – Attorneys' Eyes Only" information or material subject to and conditioned upon compliance with Paragraph 10 herein.

  8. A consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

  9. Should counsel for a receiving party find it necessary for maintaining, defending, or evaluating this litigation to disclose a producing party's Confidential Information or "Highly Confidential – Attorneys' Eyes Only" information to a consultant, counsel for the receiving party shall first obtain from each individual a signed statement, in the form attached hereto as Exhibit A, stating he or she has read and understands this Order and agrees to be bound by its terms.

  10. Subject to the other provisions of this Protective Order, with the exception of counsel of record, their clerical and legal staff, and their litigation support providers, individuals may not be given access to any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" unless they first (1) confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A and (2) submit to the jurisdiction of the district court for the Northern District of California for matters related to the above-entitled action.

  11. Any person who is not otherwise qualified to view information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness

1 may be shown by a party information or material designated as "Confidential" or "Highly
2 Confidential - Attorneys' Eyes Only" which appears on its face or from other documents or
3 testimony to have been received or authored by that witness from, or communicated to that
4 witness by, that same party.

5       12.    If a party files pleadings with the Court that include documents, interrogatory
6 responses, responses to requests for admission, depositions transcripts, or other information or
7 material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the party
8 shall seek permission of the Court to file the items under seal pursuant to L.R. 79-5 in sealed
9 envelopes or other appropriately sealed containers on which shall be endorsed the caption of the
10 litigation; the words "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and
11 "PURSUANT TO COURT ORDER" as an indication of the nature of the contents; and a
12 statement in substantially the following form:

13     "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed
14     except by order of the Court or consent of the parties."

15       Copies of any confidential documents and any portions of transcripts of testimony which
16 contain any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material of one party
17 shall not be made public by another party or otherwise be made part of the public record of this
18 action by another party. Any "Confidential" or "Highly Confidential - Attorneys' Eyes Only"
19 material filed with the court prior to trial or received in evidence at trial of this action, any filed
20 portions of any transcripts of depositions or trial testimony in this action containing any
21 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material, and any other materials
22 falling within the terms of this Order which are so designated at trial or at time of filing shall be
23 kept by the Clerk of the Court, until further order of the Court. Where possible only those
24 portions of documents consisting of "Confidential" or "Highly Confidential - Attorneys' Eyes
25 Only" material shall be filed in sealed envelopes.

26       13.    A party may challenge any other party's designation of information or materials
27 produced herein as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by notifying
28 the producing party. Upon notification, the parties shall confer in good faith as to the validity of

1 the designation. If the parties are unable to reach an agreement as to the designation within ten
2 (10) business days of notification, the objecting party may make an appropriate application to this
3 Court after this 10-day period, requesting that specifically identified documents, information,
4 and/or deposition testimony be excluded from the provisions of this Protective Order or
5 downgraded in terms of the degree of protection provided. Until a dispute over the asserted
6 designation is finally resolved by the parties or the Court, all parties and persons shall treat the
7 information or materials in question as designated as "Confidential" or "Highly Confidential -
8 Attorneys' Eyes Only."

9     14. All "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information
10 and material covered by this Protective Order shall be kept in secure facilities, and access to those
11 facilities shall be permitted only to those designated persons set forth in Paragraphs 4 and 5 above
12 as persons properly having access thereto.

13     15. All counsel for the parties who have access to information or material designated as
14 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order
15 acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes
16 of enforcing this Order.

17     16. Entering into, agreeing to, and/or producing or receiving information or material
18 designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" or otherwise
19 complying with the terms of this Protective Order shall not:

20     A. operate as an admission by any party that any particular information or
21 material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains
22 or reflects trade secrets, proprietary or commercially sensitive information, or any other type of
23 confidential information;

24     B. operate as an admission by any party that the restrictions and procedures
25 set forth herein constitute or do not constitute adequate protection for any particular information
26 deemed by any party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only;"

27     C. prejudice in any way the rights of the parties to object to the production of
28 documents they consider not subject to discovery or privileged;

[PROPOSED] PROTECTIVE ORDER
CASE NO. C 08-02767 JSW
-7-

    D. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    E. prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

    F. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

    G. prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

  17. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

    A. was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

    B. is or becomes publicly known through no fault or act of such party; or

    C. is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

  18. Nothing in this Stipulation and Order shall restrict any counsel from advising its client with respect to this action; and from relying in a general way upon an examination of material designated pursuant to this Order in giving such advice; provided, however, that in giving such advice and communicating with the client, counsel shall not disclose the contents of any "Highly Confidential - Attorneys' Eyes Only" material.

  19. In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or that its disclosure would violate a Protective Order issued

[PROPOSED] PROTECTIVE ORDER
CASE NO. C 08-02767 JSW
-8-

in another action, the party with possession or control of the information will undertake timely and reasonable efforts to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

20. If a party inadvertently produces "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information without marking it as such, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as Confidential Material under this Order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this Order, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to limit any further disclosure to non-authorized persons. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such inadvertent disclosure so advise the receiving party and request that the item or items of information be returned. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) business days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

21. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

22. Each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto for good cause.

23. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court.

24. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within forty-five (45) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder shall destroy such material and all copies thereof including summaries and excerpts. Such destruction shall be certified by each party in writing. Alternately, at the option of the producing party and at that party's expense, a party may request all confidential materials it produced be returned for its own disposition. Counsel described in Paragraphs 6(a) and 7(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts and exhibits, and attorney work product that contain information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

25. In the event that any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential -Attorneys' Eyes Only" through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any

[PROPOSED] PROTECTIVE ORDER
CASE NO. C 08-02767 JSW
-10-

1 documents, information and transcripts used in the course of any court proceedings, and shall
2 incorporate such procedures, as appropriate, in the pre-trial order.

3       26.    If any party (a) is subpoenaed in another action, (b) is served with a demand in
4 another action to which it is a party, or (c) is served with any other legal process by one not a party
5 to this action, seeking information or material which was produced or designated as "Confidential"
6 or "Highly Confidential - Attorneys' Eyes Only" by someone other than that party, the party shall
7 give prompt actual written notice, by hand or facsimile transmission to those who produced or
8 designated the information or material "Confidential" or "Highly Confidential - Attorneys' Eyes
9 Only" and shall object to its production to the extent permitted by law and/or cooperate with the
10 producing party in such objection. Should the person seeking access to the information or
11 material take action against the party or anyone else covered by this Protective Order to enforce
12 such a subpoena, demand or other legal process, the party shall respond by setting forth the
13 existence of this Protective Order. Nothing herein shall be construed as requiring the party or
14 anyone else covered by this Protective Order to challenge or appeal any order requiring production
15 of information or material covered by this Protective Order, or to subject itself to any penalties for
16 noncompliance with any legal process or order, or to seek any relief from this Court.

17       27.    A nonparty producing information or material voluntarily or pursuant to a subpoena
18 or a court order may designate such material or information as "Confidential" or "Highly
19 Confidential - Attorneys' Eyes Only" pursuant to the terms of this Protective Order. A nonparty's
20 use of this Protective Order to protect its information does not entitle that nonparty access to
21 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information produced by any
22 party.

23       28.    This Order shall not abrogate or diminish any contractual, statutory or other legal
24 obligation or right of any party or person, nor obligate any party or person to provide any
25 discovery to which it asserts objections.

26
27
28

[PROPOSED] PROTECTIVE ORDER
CASE NO. C 08-02767 JSW     -11-

| | |
|---|---|
| Dated: September 26, 2008 | WILSON SONSINI GOODRICH & ROSATI |
| | By:   /s/<br>      John L. Slafsky |
| | Attorneys for Plaintiff/Counterclaim Defendant<br>LOOPT, INC. |
| Dated: September 26, 2008 | COOLEY GODWARD KRONISH LLP |
| | By:   /s/<br>      Gretchen R. Stroud |
| | Attorneys for Defendant/Counterclaim Plaintiff<br>SPONSORHOUSE, INC. dba LOOP'D NETWORK |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: September 30, 2008

_____
HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

## ATTESTATION CLAUSE

I, Susan E. Bower, am the ECF User whose identification and password are being used to file [Proposed] Stipulated Protective Order. In compliance with General Order 45.X.B., I hereby attest that Gretchen R. Stroud of Cooley Godward Kronish LLP has concurred in this filing.

Dated: September 26 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: ___/s/___
    Susan E. Bower

Attorneys for Plaintiff/Counterclaim Defendant
LOOPT, INC.

# EXHIBIT A

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____, (print or type name), hereby acknowledges that he/she received a copy of the Protective Order entered in the action titled <u>Loopt, Inc. v. SponsorHouse, Inc., dba Loop'd Network.</u>, Case No. CV 08-02767 JSW, pending in the United States District Court for the Northern District of California, has read same and agrees to (1) be bound by all of the provisions thereof, (2) submit to the jurisdiction of the United States District Court for the Northern District of California for matters relating to this action, and (3) hereby appoints _____, (print or type name), at_____ (print or type address), as his/her California agent for service of process in connection with this action.

Dated: _____          _____